

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-7-2008

# Soto v. USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4493

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Soto v. USA" (2008). *2008 Decisions.* Paper 702.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/702

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 05-4493

———————

JOSE SOTO,

Appellant

v.

UNITED STATES OF AMERICA

———————

On Appeal from the United States District Court
for the District of New Jersey
(D. C. No. 04-cv-02108)
District Judge: Hon. Joseph A. Greenaway

———————

Submitted under Third Circuit LAR 34.1(a)
on June 26, 2008

Before: SLOVITER, BARRY and ROTH, Circuit Judges

(Opinion filed: August 7, 2008)

———————

O P I N I O N

———————

**ROTH**, Circuit Judge:

José Soto appeals the denial of his petition for a writ of habeas corpus. The issue on appeal is whether Soto's trial counsel was ineffective in failing to challenge the indictment. For the reasons set forth below, we will affirm.

## I. Background and Procedural History

Because the facts are well known to the parties, we will discuss them only briefly here.

On March 19, 1999, Soto was charged with two other defendants, Charles and Joseph Rodriguez, in an eleven-count indictment.[1] Following a trial at which he was represented by counsel, Soto was convicted of Counts One, Seven, Eight, and Eleven, and sentenced to 447 months imprisonment and five years supervised release. We affirmed Soto's conviction on December 5, 2002, and the Supreme Court denied his petition for a writ of certiorari.

Acting *pro se*, Soto then filed the present petition for a writ of habeas corpus on

---

[1] The defendants were all charged with (1) conspiracy to rob a Corestates Bank in Woodlynne, New Jersey, a Commerce Bank in Moorestown, New Jersey, and a Loomis armored car, from about July 19, 1997, until September 1, 1998, in violation of 18 U.S.C. § 371; (2) robbery of the Corestates Bank in Woodlynne on July 19, 1997, in violation of 18 U.S.C. §§ 2113(a) and (d), and 2; (3) use of a firearm in a crime of violence, namely the Corestates Bank robbery, in violation of 18 U.S.C. §§ 924(c)(1) and 2; (4) robbery of the Commerce Bank in Moorestown on May 23, 1998, in violation of 18 U.S.C. §§ 2113(a) and (d), and 2; (5) use of a firearm in a crime of violence, namely the Commerce Bank robbery, in violation of 18 U.S.C. §§ 924(c)(1) and 2; (6) carjacking in connection with the Commerce Bank robbery, in violation of 18 U.S.C. §§ 2119 and 2; (7) attempted robbery of a Loomis armored car from August 18, 1998, until September 1, 1998, in violation of 18 U.S.C. § 1951(a); and (8) use of a firearm in a crime of violence, specifically the conspiracy alleged in Count One and the attempted robbery alleged in Count Seven, in violation of 18 U.S.C. §§ 924(c)(1). Each defendant was also charged with possession of a firearm as a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 2; Count Nine was charged against Charles Rodriguez, Count Ten against Joseph Rodriguez, and Count Eleven against Soto.

multiple grounds, including that his counsel had been ineffective in failing to challenge the indictment on the ground that Count One charged only one conspiracy, while the evidence established multiple separate conspiracies. The District Court denied his petition on August 25, 2005. We granted a certificate of appealability only as to the claim of ineffectiveness of counsel in not challenging the indictment and we ordered the appointment of counsel.

At trial, Soto's counsel did move to dismiss Count One on the ground that it was duplicitous because it included more than two distinct crimes, specifically two completed bank robberies and an attempted robbery. Counsel argued that each of these acts was an individual offense. The District Court denied this motion. Following Soto's conviction, his attorney moved for judgment of acquittal under Rule 29 of the Federal Rules of Criminal Procedure, based on insufficiency of the evidence. Counsel argued that no evidence linked Soto to the conspiracy charged in Count One as of July 1997 or May 1998. The District Court denied this motion as well.

In his *pro se* habeas petition, Soto asserts, among other points, that his counsel was ineffective in failing to challenge Count One as defective because, while only one conspiracy was charged, the evidence revealed multiple separate conspiracies. Soto argues that the attempted armored car robbery, which occurred later than the bank robberies and was set up by law enforcement officials in an effort to capture Charles Rodriguez, was not in furtherance of the conspiracy to rob banks. Soto also claims ineffectiveness based on counsel's failure to challenge Count One on the basis of insufficiency of the evidence because the evidence did not establish any agreement or involvement on Soto's part with respect to the two bank

robberies.

In his counseled brief, Soto also contends that the District Court erred in failing to conduct an evidentiary hearing on his ineffective assistance claim.

## II. <u>Analysis</u>

The District Court had jurisdiction pursuant to 28 U.S.C. § 2255. We have jurisdiction under 28 U.S.C. § 2253. We review the District Court's failure to provide Soto with an evidentiary hearing on his ineffective assistance of counsel claim for abuse of discretion, and we conduct a *de novo* review of the District Court's determination that Soto's counsel was not ineffective. *United States v. McCoy*, 410 F.3d 124, 131 (3d Cir. 2005).

Pursuant to Section 2255, the District Court "was required to grant an evidentiary hearing unless the record before it conclusively show[ed]" that Soto was not entitled to relief. *Id.* at 132 (internal quotation omitted). Under the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), to establish relief on his ineffective assistance claim, Soto must prove "(1) that his attorney's performance was deficient, i.e., unreasonable under prevailing professional standards; and (2) that he was prejudiced by the attorney's performance." *United States v. Booth*, 432 F.3d 542, 546 (3d Cir. 2005) (internal citations omitted).

The crux of Soto's argument is that his trial counsel was ineffective in failing to challenge the conspiracy count "because the count charged one single conspiracy, but evidence revealed multiple separate conspiracies." Soto argues that the attempted robbery of the Loomis armored car "was separate from the master conspiracy alleging bank

4

robberies."

In fact, Soto's trial counsel did argue that Count One reflected three separate conspiracies that should not have been grouped together. As such, Soto cannot demonstrate ineffective assistance of counsel, and the District Court did not abuse its discretion in failing to conduct an evidentiary hearing on this ground.

Soto also argues in his petition that his trial counsel failed to challenge a variance between the indictment and the evidence produced at trial. He reiterates that the prosecution charged a single conspiracy whereas the proof adduced at trial showed multiple conspiracies. We agree with the District Court and the government that the evidence at trial supported a determination that there was only one, overarching conspiracy encompassing the bank robberies as well as the attempted armored car robbery. Reviewing the facts of this case, we find that no impermissible variance occurred. *See United States v. Barr*, 963 F.2d 641, 648 (3d Cir. 1992). The evidence established a single, overarching conspiracy to obtain money by committing robberies and linked Soto to that scheme.[2] The jury's verdict, which resulted in an acquittal for Soto on the substantive bank robbery offenses and required consideration of each individual defendant's liability for possession of a firearm as a felon, suggests that Soto was not prejudicially "tried *en masse*" for others' offenses.

---

[2]Soto suggests that, because he was acquitted of the bank robbery charges, there was "no evidence" that he had been involved in a conspiracy with respect to those robberies. To the extent that he is suggesting that his conviction on the conspiracy charge was inconsistent with his acquittal on the bank robbery charges, he is incorrect. The fact that Soto was acquitted of the substantive bank robbery offenses does not mean that he was not linked to the overall conspiracy, which was a distinct offense.

As such, we find no ineffectiveness of counsel based on the failure to challenge the alleged variance between the indictment and the evidence produced regarding the conspiracy. Accordingly, the District Court was not required to conduct an evidentiary hearing on this issue.[3]

In his counseled brief, Soto also asserts that the District Court erred in failing to conduct an evidentiary hearing on his trial counsel's failure to challenge the indictment as multiplicitous. "A multiplicious indictment charges the same offense in two or more counts and may lead to multiple sentences for a single violation, a result prohibited by the Double Jeopardy Clause." *United States v. Pollen*, 978 F.2d 78, 83 (3d Cir. 1992).

The government argues that Soto did not present the multiplicity issue in his initial habeas petition and that the District Court did not consider the issue. We agree that Soto's initial petition does not present this issue clearly, but he does argue that, due to counsel's failure to object to the indictment, he "is subjected to be twice tried for the offense."

However, even if we apply the liberal pleading standards for *pro se* defendants to Soto's habeas petition and construe it as presenting the multiplicity issue, we find no abuse of discretion in the District Court's failure to conduct an evidentiary hearing on this issue. The charges included in Soto's indictment reflect distinct statutory offenses. In addition, in

---

[3]To the extent that Soto argues that there was an impermissible variance between the initial indictment and the superseding indictment, as the District Court noted, Soto has offered no explanation either of how they differ or how he was prejudiced by counsel's failure to challenge that difference. As such, we find no basis for concluding that his trial counsel was ineffective for failing to present this issue.

contrast to the substantive robbery offenses charged, conviction of conspiracy, as charged in Count One, requires proof of an agreement, but not proof of a completed or attempted robbery.

We conclude that Soto's indictment was not multiplicitous and that his counsel was not ineffective in failing to challenge the indictment on that ground.  As a consequence, the District Court did not abuse its discretion in not conducting an evidentiary hearing on this issue.

## III.  <u>Conclusion</u>

For the reasons set forth above, we will affirm the judgment of the District Court.